Rannells v. Isgrigg.

RANNELLS, *Plaintiff in Error*, v. ISGRIGG.

1. **Agreed Case : PRACTICE.** An agreed case occupies the footing of a special verdict, and the action of the trial court, in pronouncing its conclusion of law on the facts therein admitted, will be reviewed in the supreme court, and this is true in an action at law where no declarations of law were asked or given.

2. **Dower : INSANE HUSBAND.** Under Revised Statutes, 1879, section 2186, giving a widow dower in the lands of which her husband, or any other person to his use, was seized of an estate of inheritance, the widow of a lunatic is entitled to dower in lands purchased by his guardian with assets of his estate; and it is immaterial that the assets used arose from a sale of the lunatic's lands to pay debts, and the investment by the guardian was unauthorized.

3. ——— : ———. The act of the wife and husband in joining in the deed of the guardian, ordered to be executed to the purchasers of the land at a sale to pay the lunatic's debts, is a nullity and does not bar her dower. (*Rannells v. Gerner*, 80 Mo. 474.)

*Error to Saline Circuit Court.*—HON. JOHN P. STROTHER, Judge.

REVERSED AND REMANDED.

*Boyd & Sebree* for plaintiff in error.

(1) The plaintiff is entitled to dower in all lands of which Robt. M. Renick was seized of an estate of inheritance to the use of Charles S. Rannells. R. S., 1879, sec. 2186. (2) The land was held by Robt. M. Renick as curator of Charles S. Rannells. There were no debts of the estate at the time the land was purchased, nor does the record disclose any debts, until the application to sell the land was made more than two years after the purchase of the land. The guardian did not hold the land for the benefit or use of creditors, for there were none; of necessity, therefore, he must have held it to the use of Charles S. Rannells. (3) The land was purchased with notes belonging to Charles S. Rannells, and the guardian, therefore, held the land as trustee for the use of Rannells. Perry on Trusts, sec. 127; 2 Pomeroy's Eq. Jur., sec. 1049; 1 Pomeroy's Eq. Jur., sec. 422; *While v. Drew*, 42 Mo. 561; *Bangert v. Bangert*, 13 Mo. App. 144; *Reid v. Fitch*, 11 Barb. 399; *Johnson v. Dougherty*, 18 N. J. Eq. 406; Hill on Trustees, 912; *Gray v. Turley*, 8 Wes. Rep. [Ind.] 874. (4) The seizin of Renick was of such a character, that, had his ward, Rannells, died before Renick sold the land, the title would have vested in the issue of plaintiff as heirs of Rannells, and not in his personal representative. When this is the state of the title the widow is entitled to dower. 1 Wash, Real Prop., p. 154, Tiedeman, Real Prop., sec. 116. (5) The county court and

the guardian treated the land as the real estate of Charles S. Rannells, and the defendant's grantors being parties to the record, and the defendant, claiming title by virtue thereof, is estopped to deny the interest of Rannells in the land as shown by the record. *Wilcoxson v. Osborne*, 77 Mo. 621; *Hasenritter v. Kirchhoffer*, 79 Mo. 239; *Stoutimore v. Clark*, 70 Mo. 471. (6) The act of the plaintiff and her husband joining in the guardian's deed was a nullity, and the plaintiff's dower was not relinquished thereby. *Rannells v. Gerner*, 80 Mo. 474.

*Davis & Wingfield* and *Wm. H. Letcher* for defendant in error.

(1) The lands were held by Robert M. Renick by virtue of a sheriff's deed of foreclosure, which described him as "curator of Charles S. Rannells," but the evidence tended to show that the lands were bought with notes, which were personal assets in his hands for the payment of debts, so that, if said Renick held said lands to any use, it was to the use of the creditors, and not Rannells. The evidence and admissions of plaintiff clearly show that when Rannells was placed under guardianship he was deeply indebted. If not how did he ever become indebted? He could not incur debts after that time, and yet every step in the proceedings concerning this land shows that it was being sold to pay debts, and the petition under which it was last sold, and under which defendant's grantors bought, sets forth debts of over ten thousand dollars, and refers to other "old debts" which had been paid with borrowed money. *Hogan's Heirs v. Welcker*, 14 Mo. 177; *Wilkerson v. Allen*, 67 Mo. 502. (2) It will be presumed in this case that the court, sitting as a jury, was guided by correct principles of law. No instructions were asked or given on either side, therefore the finding must be upheld, there being substantial evidence tending to prove the facts set up in the answer. *Harrington*

*v. Minor*, 80 Mo. 270; *Tyler v. Larrimore*, 19 Mo. App. 445; *Ford v. City of Cameron*, 19 Mo. App. 467, and cases there cited. (3) The motion to strike out part of the defendant's amended answer was properly overruled. The portion of the answer sought to be stricken out states a good defense to plaintiff's action. *Hogan's Heirs v. Welcker*, 14 Mo. 177; *Wilkerson v. Allen*, 67 Mo. 502. (4) The portion sought to be stricken out is included in brackets in the abstract of plaintiff in error. And, if the court did commit error in overruling said motion, that error was waived by plaintiff when she filed her replication replying to the whole of defendant's answer. Said motion was aimed at the whole of defendant's answer except a general denial, and therefore was equivalent to a demurrer. *Austin v. Loring*, 63 Mo. 19; *Highley v. Noell*, 51 Mo. 145; *Ware v. Johnson*, 55 Mo. 500. (5) Renick, having bought the lands in dispute with money or proceeds of sale notes of St. Louis county lands, was guilty of a conversion of the trust funds for which he and his securities were liable, and Rannells being insane was utterly incompetent to elect to take the lands thus purchased, nor could the county court elect for him, no power being in that court for any such purpose. No court could elect for him, except a court specially vested with the power or possessing chancery powers. *Kennedy v. Johnson*, 65 Pa. St. 451; *Crozier's Appeal*, 90 Pa. St. 384; Story's Eq. Plead., sec. 70, n. 1; Story's Eq. Jur., secs. 1364, 1336; *Welch v. Sackett*, 12 Wis. 270. (6) The words "curator of Charles S. Rannells," in the deed from the sheriff to Renick, did not have the effect to pass the title to Renick as curator. He could not hold the lands in that character. *Wilkerson v. Allen*, 67 Mo. 510. (7) The doctrine of estoppel has no application in this case. *Foster v. Dwinell*, 1 Am. Law Reg., pp. 604, 612, and notes. Tyler on Infancy, pp. 299, 612; 1 Wash. Real. Prop., pp. 193, 194. (8) The fact that the county court,

of St. Louis county, may have approved of Renick's act in the purchase of the land could not give that purchase any validity, either for or against the estate of Rannells. The duties of such guardians are plainly prescribed by statute, and the county court being a court of limited jurisdiction could neither vary nor enlarge them, and no act or order of that court could operate as a ratification of an act which was in violation of law. R. S. Mo. 1879, secs. 5806–5810.

SHERWOOD, J.—Plaintiff, as the widow of Charles S. Rannells, brought her action for dower in the northeast quarter of section 22, township 50, range 21, in Saline county.

Formal proof being made of plaintiff's marriage and widowhood, the following agreed statement of facts, as well as evidence additional thereto, was introduced by plaintiff:

It was then admitted and agreed upon by both parties that, on the eleventh day of June, 1859, Vincent Marmaduke was the owner of the land described in the petition, and that on said day the said Marmaduke sold and conveyed the same, together with other lands, by warranty deed, to one E. Smith Clarkson; that the consideration for such purchase was fifteen thousand, nine hundred and sixty dollars, for which such purchase money Clarkson executed to said Marmaduke his several promissory notes; one for thirty-nine hundred and sixty dollars, and one for three thousand dollars, upon both of which Charles S. Rannells was surety, and three other notes for three thousand dollars each, without personal security. That, for the purpose of securing the payment of all said notes, said Clarkson and his wife executed and delivered to said Vincent Marmaduke a mortgage on the lands described in the petition with other lands. That, in the year 1865, the executors of Meredith M. Marmaduke, deceased, were the owners of

all said notes and mortgage. That in 1865 the said executors recovered a judgment in the St. Louis circuit court against Charles S. Rannells on the two notes on which he was surety, which judgment amounted to about nine thousand dollars. That in 1865 said executors instituted suit in the Saline circuit court against said Clarkson and wife, to foreclose said mortgage as to the three three-thousand dollar notes, which were without personal security, and in October, 1866, judgment was rendered foreclosing said mortgage as to said three notes, said judgment being for the sum of fourteen thousand, one hundred dollars.

That in March, 1866, said Charles S. Rannells was duly adjudged by the county court of St. Louis county, Missouri, to be incompetent and incapable of managing his own affairs, and one Robert M. Renick was duly appointed by said court as guardian of the person and estate of said Charles S. Rannells; and said Renick duly qualified as such guardian and entered upon the discharge of his duties as such; and that said Rannells remained incapable of managing his affairs, and said Renick continued to act as such guardian from that time until the death of said Rannells, which occurred in 1877 or 1878. That, on the eighteenth day of February, 1867, the said Renick, as such guardian, purchased of said executors of said Meredith M. Marmaduke, deceased, the said judgment of foreclosure of the Clarkson mortgage aforesaid, and paid therefor in notes belonging to said estate of said Charles S. Rannells, which said notes were the proceeds of sales of land in St. Louis county, which belonged to said estate of Charles S. Rannells, the sum of fourteen thousand, four hundred and sixty-three and sixteen hundredths-dollars; and said judgment was there and then assigned and transferred by said executors to said Renick, as such guardian, by an instrument of writing, in which said Renick is described as guardian of the person and

estate of Charles S. Rannells. And afterwards, in July, 1867, the said Renick, in his first annual settlement as such guardian, reported said purchase of said judgment, and the amount paid therefor, to the said county court of St. Louis county, and claimed as a credit against said estate of said Rannells the said fourteen thousand, four hundred and sixty-three and sixteen hundredths-dollars, which he had paid, as aforesaid, for said judgment of foreclosure, and said credit was allowed said Renick, and said settlement accepted and approved. That at the May term, 1867, of the circuit court of Saline county the lands described in the petition, together with the other land, in said mortgage, were sold under said judgment of foreclosure. and said Robert M. Renick, as guardian aforesaid, became the purchaser thereof; said guardian did not pay any cash for said land at said sale, but bid the same in for the amount of the judgment of foreclosure aforesaid, which he then held as the guardian of Charles S. Rannells, and the sheriff of Saline county, the officer selling said lands, under said judgment, executed to said Robert M. Renick, as guardian of Chas. S. Rannells, a deed to the lands described in the petition, and the other lands described in said mortgage.

The plaintiff introduced other evidence as follows: A petition to the county court of St. Louis county by Robert M. Renick, guardian of Charles S. Rannells, filed July 27, 1869, praying for an order to sell real estate of said estate. The condition of the estate is set forth, and, among other things, the petition states: "Your petitioner further states that there belongs to the estate of said Rannells the following tracts of land, situated in Saline county, Missouri, and near the town of Marshall, the county seat of said county, viz.: The whole of section 22, township number 50, range 21, and the east half of the southeast quarter, of section 21, same township and range, and containing altogether seven hundred and

twenty acres of land, for which the petitioner has been offered twenty-five dollars per acre. For the purpose above mentioned, of paying outstanding indebtedness of said Rannells, and of providing for the maintenance of said Charles S. Rannells and his family, there being insufficient personal assets in hands of your petitioner for these purposes, your petitioner therefore prays that he be permitted to sell the above described real estate in the manner prescribed by law," etc.

Plaintiff also introduced the records of the county court of St. Louis county, which show that, upon the filing of the above petition by said guardian, the said court found that the personal estate of said Rannells was insufficient for the discharge of his debts and maintenance of himself and family, and orders that the real estate described in said petition be sold at public auction, on Tuesday, the twelfth day of October, 1869, at the court house door, in said town of Marshall upon the terms of one-third cash, and the balance in one and two years, with interest on deferred payments, etc.; said deferred payments to be secured by deed of trust on the premises sold; notice of sale to be given, etc.

Also the report of sale by Robert M. Renick, guardian of Charles S. Rannells, to the county court of St. Louis county, dated October 28, 1869, which states that said Renick, as such guardian, in obedience to the said order of sale, did, on October 12, 1869, after giving notice, etc., sell the real estate mentioned in his petition for sale and the said order of sale, and that Daniel P. Harrison and C. G. Page were the highest bidders for the northeast quarter of section twenty-two (22), township fifty (50), range twenty-one (21), Saline county, Missouri, and that they and other purchasers of real estate sold at said sale had paid some of the purchase money in cash, and were ready to pay the balance of the first payment, and execute their notes for the balance of the purchase money, as required by the order of sale, whenever the

said county court shall approve of said sale, and order the guardian to convey the property so sold to the pur-chasers thereof, upon their compliance with the terms of said sale.

It was agreed by plaintiff and defendant that the above report was accepted and approved by said county court, and deeds ordered executed to the purchasers therein named for the land purchased by them respect-ively; and that afterwards at the March term, 1870, of said county court, said guardian in his annual settle-ment, filed in said county court at said time, charged himself with $4480.02, which he received for the land described in said petition from said Harrison and Page, at the aforesaid sale thereof.

Plaintiff also introduced in evidence a deed from Robert M. Renick, guardian of the person and estate of Charles S. Rannells, to D. P. Harrison and C. G. Page, dated November 1, 1869, and conveying the land described in plaintiff's petition. This deed was also signed and acknowledged by Charles S. Rannells and the plaintiff at the same time the guardian signed and acknowledged the same.

Also a deed from D. P. Harrison to C. G. Page and a deed from C. G. Page to Daniel Isgrigg, the defendant, each conveying the land described in plaintiff's petition, the first of which deeds is dated February 24, 1870, and the other March 4, 1871.

It was then admitted by the defendant that he went into possession of the land described in the petition, under the above deed from said Page to him, on the date thereof, and that he has ever since been and yet is in possession of said land, claiming title thereto under and by virtue of said deed, and that no dower in said land had ever been set off to plaintiff.

Plaintiff also introduced a demand on defendant for dower in said land, and the return of the sheriff showing service of said demand on defendant on the twentieth day of February, 1880.

This was all the evidence.

Upon the foregoing agreed statement, etc., the trial court gave judgment for the defendant.

I.   The objection is made that this court cannot review the action of the court below, because this is an action at law, and no declarations of law were asked. This view is erroneous.   The case was tried in the main upon an agreed statement of facts.   What other evidence was offered, except mere formal proofs, was record evidence, and did not controvert the case made by the agreed statement.   It has long been the rule in this state, that an agreed case occupies the same footing as a special verdict (*Munford v. Wilson*, 15 Mo. 540 ; *Gage v. Gates*, 62 Mo. 412 ); and in either case, it becomes the duty of the trial court to pronounce the conclusions of law upon the facts found or proven, and, unless this be correctly done, the judgment will be reversed.

II.   Under our statute, the guardian, Renick, was seized of the land in controversy, to the use of Rannells, and, nothing more appearing, this gave his widow the right to be endowed of that land.  R. S.  1879, sec. 2186.   The judgment of foreclosure, by virtue of which the land was purchased by the guardian, as such, was made by the notes, which were the proceeds of the sales of certain lands in St. Louis county, which belonged to the estate of Rannells ; this was in 1867. There is nothing to show that the " *sales*," which produced those notes, were sales for the payment of *debts* of the estate of Rannells ; on the contrary, such sale does not appear to have occurred till two years afterwards, *i. e.*, in 1869, when the land now in dispute, having been acquired by Renick as guardian in 1867, was sold by him in the same capacity under the order of the county court, for the payment of debts, and for the maintenance of Rannells and his family.

By reason of the purchase by the guardian of the land, with assets of the estate of his ward, a trust

resulted in favor of the latter, and this is true regardless of any election by the ward to that effect, or any capacity on his part so to elect. Such a trust results or arises by operation of law, and is altogether independent or any election. 1 Perry on Trusts, sec. 127, and cases cited ; 2 Pomeroy's Eq. Jur., sec. 1049, and cases cited.

As it is not usual to have more than *one sale* of a ward's estate for the payment of debts, and as the only sale for that purpose, so far as the record reveals, took place in 1869, long after the purchase by the guardian at the foreclosure sale of land in suit, it may well be presumed that the word "*sales*," used in the agreed statement, referred to mere private sales and not to those effected through the machinery of the county court. If this presumption be correct, then but little difficulty arises as to the proper disposition of the point under discussion. And even if the lands sold in St. Louis county were sold for the payment of debts, and the notes arising from the "sales" were exchanged, as in the present instance, for the judgment of foreclosure, and the land bought in under such judgment, this would not defeat the widow's claim for dower. The fact that such an exchange by the guardian was unauthorized does not affect this question. If the husband, before being put in ward, had exchanged lands in St. Louis county for the lands in question in Saline county, this would not have barred his wife's dower in but one tract. 1 Wash. Real. Prop. [5 Ed.] 208. Some of the authorities hold that, aside from statutory provisions and technical exchanges, she would be dowable in *both* tracts. 1 Woerner Am. Law of Adm'r, 233.

Accepting the foregoing as correct, it is difficult to see how the act of the guardian in exchanging the *proceeds* of lands in St. Louis county, for the *proceeds* of lands in Saline county, could defeat the dower right of the widow, or render her tenure more precarious, than if her husband, when fully sane, had made the

State ex rel. Wine v. Keokuk & W. Ry. Co.

exchange. Looking at the matter in this light, it must be held that the plaintiff was dowable of the land in suit, and, therefore, should have prevailed in her action.

III. As to the effect of the plaintiff joining in the deed made by her husband and his guardian, this point is ruled in favor of the plaintiff on the authority of *Rannells v. Gerner*, 80 Mo. 474.

The judgment will be reversed, and the cause remanded with directions to the circuit court to proceed in conformity to this opinion. All concur, but RAY C. J., absent.