BLOUNT, by Guardian, v. SPRATT *et al.*, *Appellants*.

Division Two, December 19, 1892.

1. **Equity**: SUPREME COURT PRACTICE. Under the practice in Missouri equity cases are substantially triable *de novo* in the supreme court.

2. ———: ———. Such court while deferring somewhat to the conclusions of fact reached by the trial court is not bound by its findings of facts nor by its conclusions of law therein but has exercised a supervisory control over both.

3. ———: ———: STATUTE. Nor was such supervisory power of the supreme court abrogated by Revised Statutes, 1889, sec. 2135, providing that the trial court when requested by one of the parties for the purpose of excepting shall state in writing the conclusions of fact found separately from the conclusions of law.

4. ———: ———: ———: EXCEPTIONS. Where the conclusions of facts by the trial court are not merely in writing but are incorporated into, and made a part of the judgment itself, no exceptions are necessary to authorize a review of the conclusions of law upon the facts so found.

5. **Conveyance**: CONTRACT: INSANITY OF MAKER: EQUITY. When a conveyance or contract is made in ignorance of the insanity of the maker, with no advantage having been taken and with perfect good faith, equity will not set it aside if the parties cannot be restored to their original position and if injustice would be done.

*Appeal from Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

REVERSED AND REMANDED.

*Hall & Pike* for appellants.

(1) The deed to Ashton was made before office found, and, as he acted in good faith and without knowledge of plaintiff's incapacity, she could not avoid the deed without tendering back the consideration received by her, or paid out for her benefit.   *Boyer v. Benyman,* 123 Ind. 451; *Copenrath v. Kienby,* 83 Ind. 18; *Eaton v. Eaton,* 8 Vroom. (N. J.), 108; *Riggan v. Green,* 80 N. Car. 236; 1 Story on Equity Jurisprudence, sec. 228; 2 Pomeroy on Equity Jurisprudence, sec. 946; 11 American & English Encyclopedia of Law, 136; *Wirebach v. Bank,* 97 Pa. St. 549; *Beals v. Lee,* 10 Barr (Pa.), 56; *Gibben v. Maxwell,* 34 Kan. 8; *Ins. Co. v. Hunt,* 79 N. Y. 541; *Burnham v. Kidwell,* 113 Ill. 425.   The amount required to pay the balance due Hubbard, it is expressly found was paid for the benefit of plaintiff, and, at least that amount should be required to be returned by her before she avoids the deed. *Kneedler's Appeal,* 92 Pa. St., 428.   (2) The court did not separately state its conclusions of law except generally that the law of the case was with the plaintiff. However, at the conclusion of the fourth special finding of fact, the deduction is made that the plaintiff was incapable and incompetent to make a contract or deed, because of the unsoundness of mind and insanity previously stated as a finding of fact.   That is not the law as an abstract proposition or as applied to this case. An insane man can convey or bind his estate to one who deals with him without knowledge of his insanity, takes no advantage of him, and pays a full consideration which manifestly goes to the benefit of the lunatic. Authorities *supra.*

VOL. 113—4

*Porter & Woodson* for respondents.

(1) The evidence has not been preserved and there is nothing for the court to review. All the court's findings may be wrong and yet the decree be supported by the evidence. (2) The deed of trust is valid as to Henry P. Blount and there is nothing in the record to show and no claim is made that his lands are not amply sufficient to pay the debt. (3) When he received the $400 borrowed of appellant it was absolutely his, Blount's money, and he had the right to make any disposition of it he pleased, and if he chose to use part of it to discharge Hubbard's debt, equity will not subrogate appellant to Hubbard's rights simply because respondent's land was encumbered. *Wilcox v. Todd*, 64 Mo. 388; *Bunn v. Lindsay*, 95 Mo. 251; *Van Winkle v. Williams*, 38 N. J. Eq. 105; 1 Jones on Mortgages [3 Ed.] sec. 874a.

MACFARLANE, J.—This is a suit to enjoin defendants from selling under a deed of trust a tract of one hundred and twenty acres of land belonging to the plaintiff, on the ground that she was insane when she executed the deed, and it was, therefore, void.

The petition charges, in substance, that in the year 1881 plaintiff was the wife of Henry P. Blount, and was and still is the owner of one hundred and twenty acres of land (describing it), and was at that time, and ever since has been, and still is of unsound mind and wholly incapable of transacting business; that, on the twenty-seventh day of April, 1888, she joined her husband in executing a deed of trust conveying said land to defendant Spratt to secure the payment to Thomas Ashton of a note of the said Henry C. Blount for $400, due one year after date;

that the said trustee was threatening a sale of said land under the power contained in said deed. An injunction was prayed, and that the deed of trust be canceled as to said land.

The answer admitted that plaintiff and Henry Blount were husband and wife, and that they executed the deed of trust to secure said note of the husband, but denied all other allegations. The answer set up affirmatively, in substance, that the land in question was bought by the husband of plaintiff, who paid in part therefor with his own means, and he and his wife executed a deed of trust on the land to secure deferred payments and that part of the money loaned, and for which the $400 in question was given, was used in payment of a balance due on the note given for said purchase money and secured by said first deed of trust.

After hearing the evidence, none of which is preserved by bill of exceptions, at the request of defendant the court stated in writing the conclusions of facts found as follows:

"*First.* Elizabeth F. Blount and Henry P. Blount were husband and wife; that on the second day of December, 1888, said Henry P. Blount died, and on the —— day of December, 1888, said Elizabeth F. Blount was, by the probate court of Buchanan county, Missouri, adjudged insane and incapable of managing her business affairs, and the said Wm. C. Frame was duly appointed guardian and curator of her person and estate, and duly qualified and took charge of her person and estate and has since and is now in charge and control of the same.

"*Second.* The court, after finding that in 1881 plaintiff Elizabeth Blount became the owner of the land mentioned in the petition, made statements of facts as to special matters set up in the answer, which need not be given, and proceeded.

"*Third.* That on the twenty-seventh day of April, 1888, the said Henry P. Blount borrowed of defendant Ashton $400, and executed and delivered to him his promissory note for that sum, and, to secure the payment of said note, said Henry P. and his wife, Elizabeth, signed and delivered the deed of trust to defendant Spratt, mentioned in the petition and evidence; said deed of trust included and covered the said Elizabeth's one hundred and twenty acres of land mentioned in the petition and other lands belonging to said Henry P. Blount  *  *  * .

"*Fourth.* The court further finds that at the time said Elizabeth F. Blount signed said deed of trust on her said one hundred and twenty acres of land to secure the payment to said Ashton of said $400 note, she was of unsound mind and so insane as to be unable to understand the nature or character of said transaction, and was, on account thereof, incapable and incompetent to make a contract or deed.

"*Fifth.* The court further finds that at the commencement of this suit the defendant Spratt, at the request of the defendant Ashton, had advertised and was preparing to enforce said deed of trust, and sell said Elizabeth's real estate mentioned in the petition to satisfy and pay said $400 note.

"*Sixth.* That, at the time said Ashton loaned to said Henry P. said $400, and took said note and mortgage, he acted in good faith and without any knowledge of the insanity of said Elizabeth F. Blount."

The court then stated its conclusions of law upon these facts as follows: "The court concludes, that, upon the facts found as aforesaid, the law is with the plaintiff, and that decree should be entered as prayed in the petition."

The defendants duly excepted to the conclusions of law made by the court.

The record shows that the special findings of fact were incorporated into and made a part of the judgment. It does not appear what the bill of exceptions contains, but it does appear that plaintiff declined to agree to the bill of exceptions because it did not embody therein the whole of the evidence as required by the rules of this court in equity cases.

A motion to dismiss the appeal or affirm the judgment for the same reason was filed by defendants and is submitted with the main case.

I. A statement in writing of the conclusions of fact found by the court is authorized by section 2135, Revised Statutes of 1889, which is as follows: "Upon the trial of a question of fact by the court, it shall not be necessary for the court to state its finding, except generally, unless one of the parties thereto request it with the view of excepting to the decision of the court upon the questions of law or equity arising in the case, in which case the court shall state in writing the conclusions of facts found separately from the conclusions of law."

This section was first incorporated into our code in the revision of 1889, and has never been the subject of consideration by this court. It was borrowed almost literally from section 2135 of the code of procedure of Kansas (Revised Statutes, 1889), and the practice authorized has often been approved by the supreme court of that state, and has been applied in the trial of cases, both at law and in equity, though the section of the Kansas law makes no provision in express terms for taking exceptions to the decisions of the court upon question of equity arising in the case, as is provided by the section of our code in question. The supreme court of Kansas, as we understand its decisions, not only

applies the provisions of the section to the practice in equity cases, "but will not disturb the finding if there is sufficient evidence to justify it; and this is the case, though the finding of the court is contrary to the judgment of the appellate court." *Beaubien v. Hindman,* 37 Kan. 228; *Weil & Co. v. Eckard,* 37 Kan. 696.

Under the practice in this state equity cases have been practically triable *de novo* in the appellate court. This court, while deferring somewhat to the conclusions of fact reached by the trial courts, has not been bound by its findings of fact nor its conclusions of law thereon, but has ever exercised a supervisory control over both. In order that the evidence in cases of equitable jurisdiction may be reviewed on appeal, the rules of this court require that the whole of the evidence shall be embodied in the bill of exceptions. *McIlroy v. Maxwell,* 101 Mo. 294; *Benne v. Schnecko,* 100 Mo. 250; Rule 7 of practice in this court.

It is now insisted by respondent that as defendant, who is appellant here, has failed to embody all the evidence in the bill of exceptions, in compliance with the rules of court, his appeal should be dismissed or the judgment affirmed.

We do not think it was the intention of the legislature, by adding this section to the code of procedure, to abrogate the practice of this court so long followed of supervising the findings of the trial courts in equity cases. If the evidence was before us on proper exceptions, we could review it and determine for ourselves the correctness of the findings. No exceptions were taken, however, or saved to the conclusions of fact and there is nothing before us to review except the record proper.

The conclusions of fact reached were not merely in writing, but were also incorporated into and made a part of the judgment itself, and no exceptions were nec-

essary in order to authorize this court to review the conclusions of law reached by the trial court upon the facts found. It is not therefore necessary to determine the scope of the section in this case. The findings stand as a special verdict or an agreed ·case; and, unless the conclusions of law, upon the facts found, were correctly pronounced, the judgment must be reversed. *Rannells v. Isgrigg,* 99 Mo. 28; *Munford v. Wilson,* 15 Mo. 540; *Gage v. Gates,* 62 Mo. 414; *Sutter v. Streit,* 21 Mo. 159.

II. The court found that plaintiff, Elizabeth F. Blount, was insane when she executed the deed of trust, April 27, 1888, and was so adjudged in December of the same year; but that Ashton, the beneficiary, loaned the money to her husband and took the deed of trust as security therefor in good faith, and without knowledge of her insanity. Upon this state of facts the court found in effect, as a conclusion of law, that the deed of trust was invalid and could not be enforced. These conclusions of fact and law stand upon the record and are wholly independent of any bill of exceptions.

We are of the opinion that the court erred in the conclusions of law pronounced upon the facts as found. There can be no doubt that a deed, or other contract of an insane person, will generally be held invalid, yet, as is said by Mr. Pomeroy, "While this rule is generally true, the mere fact that a party to an agreement was a lunatic will not operate as a defense to its enforcement, or as a ground for its cancellation." "Where a conveyance or contract is made in ignorance of the insanity, with no advantage taken, and with perfect good faith, a court of equity will not set it aside, if the parties cannot be restored to their original position and injustice would be done." 2 Pomeroy on Equity Jurisprudence, sec. 946, and authorities cited; *Gribben v. Maxwell,* 34 Kan. 10; *Ins. Co. v. Hunt,* 79 N. Y. 544;

*Wirebach v. Bank*, 79 Pa. St. 549; 11 American & English Encyclopedia of Law, 136.

"And so, if a purchase is made in good faith, without any knowledge of the incapacity, and no advantage has been taken of the party, courts of equity will not interfere to set aside the contract if injustice will thereby be done to the other side, and the parties cannot be placed *in statu quo,* or in the state in which they were before the purchase." 1 Story's Equity Jurisprudence, sec. 228. See other authorities cited in brief of defendant.

Upon the facts found, the deed of trust was binding on plaintiff, though she was insane at the time of its execution.

The evidence not being before us we are not willing to enter a final judgment here. Judgment reversed and cause remanded for a new trial. All concur.