PLASTER v. RIGNEY.

(Circuit Court of Appeals, Eighth Circuit. September 25, 1899.)

No. 1,159.

1. DEEDS—PROOF—CERTIFIED COPIES OF RECORD.
Under Rev. St. Mo. 1889, §§ 4864, 4865, a certified copy of the record of a deed which was properly acknowledged when made, but not in accordance with the law in force when it was recorded, is admissible in evidence, without proof of the execution of the original deed, where the record was made more than 30 years before such copy is offered in evidence.

2. EJECTMENT—EVIDENCE OF OUTSTANDING TITLE.
In an action of ejectment, where plaintiff claims title through a deed which recites a consideration, a deed from a common grantor to a third person, executed before the one under which plaintiff deraigns title, but

not so proved or acknowledged as to entitle it to record so as to charge subsequent purchasers with notice, and in the absence of proof that the grantee therein was ever in possession of the land or ever claimed title thereto, is not admissible to prove an outstanding title.

3. POWER OF ATTORNEY GIVEN BY LUNATIC—VALIDITY.
    A power of attorney given by a lunatic is void, and a deed executed by the grantee by virtue of such power is not admissible against the grantor.

In Error to the Circuit Court of the United States for the Western District of Missouri.

John B. Hale and L. H. Waters, for plaintiff in error.
George H. English, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This was a suit in ejectment by which Alice H. Rigney, by her curator, Charles Lyon, the plaintiff below and the defendant in error here, recovered from Elisha Plaster, the plaintiff in error and the defendant below, the possession of certain lands in Carroll county, Mo., which are described as a part of the N. W. ¼ of section 19, township 55, range 23 W. The ouster complained of was laid as having occurred on or about the last day of February, 1877, and the suit was instituted on January 9, 1896. The land in controversy was originally military bounty land, and a patent therefor was issued to Henry Richmond on April 20, 1819. The plaintiff below deraigned her title thereto under a deed from said Richmond to one John Thompson, dated August 21, 1819, and acknowledged the same day before Robert Wharton, mayor of the city of Philadelphia, Pa. This deed was filed for record in Carroll county, Mo., on May 5, 1866. The plaintiff showed an unbroken chain of title under the aforesaid deed in James Rigney, her deceased husband, who died in March, 1871, and a deed from the administrator of her husband, of date October 16, 1872, duly acknowledged and recorded, which vested in her all the title of her said husband. Oral evidence was adduced by the plaintiff which tended to show that there were no improvements on the land in controversy as late as the year 1871; that in the year 1870 and in the year 1871, until his death, her husband was in possession of the land; that in said years he did some plowing on said land, cut some timber thereon, and procured some lumber, with a view of building a house and establishing a home upon the property; and that he also employed a person to look after the possession and prevent trespasses. The plaintiff also produced evidence which tended to show that she was insane at the time her husband died and for some time previous thereto, and was incapable of attending to her business, and remained in that condition until 1895, when she was adjudged insane. The defense which the defendant below interposed was possession under color of title, to wit, a tax deed, for a period which was sufficient, as he claimed, to bar the plaintiff's right of recovery under the statute of limitations. He also sought to avail himself of an alleged outstanding valid title in a stranger.

It is assigned for error, in the first instance, that the trial court

erred in admitting in evidence a certified copy of the deed above mentioned from Richmond to Thompson, of date August 21, 1819, under which the plaintiff below claimed, without requiring proof of the identity of the grantor, or, what is the same thing, without requiring proof of the execution of the original deed, which, at the date of the trial, was nearly 80 years old. It is asserted in behalf of the defendant below that there was no law in force in the state of Missouri warranting the admission of the certified copy of said deed without such proof. We are constrained to overrule this contention. Two sections of chapter 62 of the Revised Statutes of Missouri of 1889, concerning evidence, are as follows:

"Sec. 4864. * * * All records made by the recorder of the proper county one year before this law takes effect by copying from any deed of conveyance, deed of trust, mortgage, will or copy of a will, or other instrument of writing, whereby any real estate may be affected in law or in equity, that has neither been proved nor acknowledged or which has been proved or acknowledged, but not according to the law in force at the time the same was recorded, shall hereafter impart notice to all persons of the contents of such instruments; and hereafter when any such instrument shall have been so recorded for the period of one year, the same shall thereafter impart notice to all persons of the contents of such instruments, and all subsequent purchasers and mortgagees shall be deemed to purchase with notice thereof.

"Sec. 4865. * * * Certified copies of such records as are contemplated in the next preceding section shall not be received in evidence until the execution of the original instrument or instruments from which such records were made shall have been duly proved according to law, except where such records shall have been made thirty years or more prior to the time of offering the same in evidence."

The copy of the deed in question fell within the language of this statute. The statute in its present form took effect in 1887 (Sess. Laws Mo. 1887, p. 183), more than one year after the original deed was recorded, and the original deed was not acknowledged according to the law in force when the same was recorded, because it was acknowledged before the mayor of a city, who had no power to take the acknowledgment, on May 5, 1866, when the deed was recorded (Gen. St. Mo. 1865, c. 109, § 9), although he had such power, and the acknowledgment was in all respects regular when it was taken. So that, within a technical view of the statute, the copy of the deed was admissible under section 4865, supra, without proof of the execution of the original deed, it having been recorded more than 30 years before it was offered in evidence. But upon a broader view of the question, the copy of the deed was admissible. The statute above quoted is remedial and entitled to a liberal construction. It recognizes the difficulty of proving the execution of many instruments affecting the title to real property which have been of record in the proper office for upwards of 30 years, and it was intended to dispense with such proof after that lapse of time, even in cases where the recorded instrument was not acknowledged at all, or was not so acknowledged as to entitle it to record. A proper degree of respect for the legislature by which the above statute was enacted compels us to hold, as the trial court held (88 Fed. 686, 688), that it did not intend to declare that a copy of a recorded deed which had been defectively acknowledged, or not acknowledged at all, might

be admitted in evidence after the lapse of 30 years from the date of its record without proof of the execution of the original instrument, and at the same time to deny the right to make a similar use of certified copies of recorded deeds which were properly acknowledged or proven, although the original thereof had been of record for an equal or greater period. The supreme court of the state has also expressed its disapproval of such an unreasonable interpretation of the statute. Crispen v. Hannavan, 72 Mo. 548, 555. The copy of the deed in question was properly admitted, as the trial court held.

It is next assigned for error that the trial court erred in refusing to admit in evidence a deed from Henry Richmond to John H. Martin for the land in controversy, which was dated July 20, 1819, and acknowledged the same day, at Boston, Mass., before Samuel Jackson Prescott, who described himself as being a "Notary Public and Justice of the Peace of the Quorum of the County of Suffolk," Mass., which deed was not filed for record in Carroll county, Mo., until February 16, 1865. The defendant below did not deraign title under this deed, but offered it to protect his own possession by proof of an outstanding title in a stranger, and no evidence was offered which tended to show that such a man as Martin ever lived, or that he or any one else had ever been in possession of the land in controversy, or had claimed possession thereof under the aforesaid conveyance. It is conceded that this deed was not acknowledged before such an officer as, at the time it was acknowledged, entitled it to record; for which reason the record thereof would not impart notice of its contents to a subsequent purchaser for value, without the aid of an enabling statute. John Thompson, under whom the plaintiff below claimed, was such a purchaser, as the deed from Richmond to him recited a money consideration ($75) paid and received; and when the deed to Thompson was placed on record on May 5, 1866, there was no law then in force that affected him or his grantee with notice of the prior deed to Martin, although it had been recorded previously. The first legislation in the state of Missouri similar to section 4864 of the Revised Statutes of Missouri of 1889, above quoted, was an act passed on February 2, 1847 (Sess. Laws Mo. 1847, p. 95; Rev. St. Mo. 1855, c. 62, § 46); but the act as originally framed, and as it stood unaltered until long after May 5, 1866, applied only to deeds with defective acknowledgments, but otherwise good as between the parties, that had been placed of record prior to the passage of the act; that is to say, prior to February 2, 1847 (Bishop v. Schneider, 46 Mo. 472, 481, 482; Gatewood v. Hart, 58 Mo. 261, 264). The deed from Henry to Martin, recorded February 16, 1865, was not within the purview of the statute, and did not affect the validity of the Thompson title, under which the plaintiff below claimed. As between the two, the latter was the superior title; Thompson being a purchaser for value without notice, actual or constructive, of the prior conveyance. It follows, therefore, that the conveyance to Martin was not admissible in evidence, because it did not tend to establish a subsisting outstanding title, good as against the plaintiff's title, which facts should have appeared to render it admissible. Henderson v. Wanamaker, 49 U. S. App. 174, 25 C. C. A. 181, and 79 Fed. 736; McDonald

v. Schneider, 27 Mo. 405; Totten v. James, 55 Mo. 494; Greenleaf's Lessee v. Birth, 6 Pet. 302, 312, 313; Jackson v. Hudson, 3 Johns. 375; Peck v. Carmichael, 9 Yerg. 325.

It is claimed finally that error was committed by the trial judge in refusing to admit the following documentary evidence which was offered by the defendants, to wit, a copy of a power of attorney signed by Alice H. Rigney, the plaintiff below, on December 13, 1875, whereby she apparently authorized William Morgan to sell the land in controversy, and a deed for said land subsequently executed by said Morgan, as attorney in fact, on November 1, 1876, whereby he conveyed the land to James S. Bentley. These documents were also offered in proof of an outstanding title in a stranger, but they were not accompanied by any proof of possession thereunder, or of an attempt at any time made by the grantee in the deed to obtain possession, and they were executed 22 years before they were offered in evidence. The title which they tended to establish was therefore a dormant title that had apparently been abandoned for some reason by the person in whom it was vested. Concerning the exclusion of the aforesaid power of attorney and deed, however, we only deem it necessary to say that as the jury subsequently found, under proper instructions of the court, and on oral proof as to the plaintiff's mental condition in 1872, and from that time forward until long subsequent to November, 1876, that she was continuously insane and mentally incompetent to manage her affairs or transact any business, we fail to see that the defendant below was prejudiced to any extent by the exclusion of the aforesaid documents. The oral evidence in question, and the finding thereon by the jury, showed the invalidity, as against the plaintiff, of the pretended outstanding title which the defendant attempted to establish, since a power of attorney executed by a lunatic is held by the court of last resort (Dexter v. Hart, 15 Wall. 9) to be void. The deed executed by Morgan was therefore without force or effect.

In conclusion, it may be said that, from an examination of the record and the instructions of the learned trial judge, it is apparent that the jury must have found that the plaintiff's husband was in possession of the disputed premises, and exercised acts of ownership thereon, for some time in the years 1870 and 1871, or, at least, that neither the defendant nor those under whom he claimed were in possession of the land on October 16, 1872, when the title devolved upon the plaintiff; that the plaintiff was insane at the latter date, and remained in that condition until she was adjudged insane in the year 1895; and that by reason of that fact the defendant could not invoke the statute of limitations to transform a possession which was acquired by him subsequent to October 16, 1872, into a legal title. Such being the view that was taken by the jury on testimony warranting that finding, we are satisfied that no errors were committed which will warrant a reversal. The judgment below is therefore affirmed.