## SOTHERN et al. v. UNITED STATES (MORRIS, Intervener).

(District Court, E. D. Arkansas, W. D. May 11, 1926.)

Marriage ⟜54.

A contract of marriage by an insane person, like other civil contracts, is void, and subject to collateral attack.

At Law. Action by Dorothy Sothern and others against the United States, with Adele Wagnon Morris as intervener. On demurrer of intervener to answer to petition of intervention. Overruled.

This is an action against the United States to recover on a policy of insurance, issued to one Robert Earl Gott, a soldier during the World War, under the War Risk Insurance Act of Congress (Comp. St. § 514a et seq.). The insurance in the original policy had been made payable to his father, who, five years after the death of his son, died, leaving the plaintiffs, two sisters and a brother of the deceased soldier, surviving him.

The United States, in its answer, among other allegations, states that prior to his death the insured changed the beneficiary in the original policy to his wife, now known as Adele Wagnon Morris, and asks that she be made a party to this suit. Thereupon Mrs. Morris filed an intervention, claiming that on April 20, 1919, she was married to the deceased insured soldier, and at the time of his

death she was his lawful wife, and the beneficiary under the policy of insurance sued on, and entitled to the proceeds thereof.

To this intervention the plaintiffs filed an answer, setting up as one of the defenses that, at the time of the alleged marriage of the intervener with the deceased soldier, Robert Earl Gott, he was insane, and for this reason the alleged marriage was absolutely void. To this plea the intervener demurred.

J. A. Tellier, of Little Rock, Ark., for intervener.

Isgrig & Dillon and E. B. Dillon, all of Little Rock, Ark., for plaintiffs.

TRIEBER, District Judge (after stating the facts as above). The only question to be determined on the demurrer is whether a marriage contracted by a lunatic or insane person is wholly void, so that it may be attacked collaterally, or only voidable, and valid until set aside in a direct proceeding instituted for that purpose.

Marriage is now recognized by all the American as well as the English courts as a civil contract. Meister v. Moore, 96 U. S. 76, 78, 24 L. Ed. 826; Reynolds v. United States, 98 U. S. 145, 165, 25 L. Ed. 244; 38 C. J. 1272; 18 R. C. L. 383, and authorities there cited. Being a civil contract, it is subject to the same rules of law governing all civil contracts.

While there is some conflict among the state courts whether a civil contract by a lunatic is absolutely void, or voidable, the courts of the United States have uniformly held a contract of a lunatic or insane person is wholly void, and subject to collateral attack. The leading case on that subject is Dexter v. Hall, 82 U. S. (15 Wall.) 9, 26, 21 L. Ed. 73. Mr. Justice Strong delivered the unanimous opinion of the court, in which he carefully reviewed the English and American authorities.

In that case Hall, a lunatic, had executed a power of attorney, authorizing the attorney to sell certain real estate owned by him. The attorney sold the same under the power, and by mesne conveyances Dexter became the owner of the premises. After the decease of the lunatic, his heirs instituted an action of ejectment against Dexter, who offered evidence to prove that he was an innocent purchaser, for a valuable consideration, without knowledge of Hall's insanity, which was by the trial court excluded. Nor does it appear that Hall had been adjudicated an insane person, although he was at the time of the execution of the power of attorney and until his death an inmate of an insane asylum.

The trial court had charged the jury: "If at the time Hall executed the power in question, he was insane, and his insanity was general, the instrument was a nullity, and no title could be transferred under it. In that case the plaintiffs are entitled to a verdict. It matters not, if such were the case, what consideration may have been paid to the attorney, or with what good faith the parties may have purchased. The instrument, in such case, is no more to be regarded as the act of Hall than if he was dead at the time of its execution"—and this was affirmed.

The same conclusion was reached by the Circuit Court of Appeals for this circuit in Plaster v. Rigney, 97 F. 12, 38 C. C. A. 25, and by Circuit Judge McCrary in Edwards v. Davenport (C. C.) 20 F. 756. See, also, Hovey v. Hobson, 53 Me. 451, 89 Am. Dec. 705; Brewster v. Weston, 235 Mass. 14, 126 N. E. 271; First Nat. Bank v. Tribble, 155 Ark. 264, 274, 244 S. W. 33.

That the same rule applies to marriages has been uniformly held by all courts, which hold that civil contracts by insane persons are absolutely void. Numerous authorities to that effect will be found in the notes in 38 C. J. 1285, and 18 R. C. L. 404, and need not be cited herein.

Schouler (16th Ed., 1921) on Marriage and Divorce, Separation and Domestic Relations, states the law to be (volume 2, p. 1574, § 1107):

"The marriage of one mentally incompetent is void, and according to the weight of authority, where for want of the requisite mental capacity on the part of one of the parties there has been no consent to the marriage contract, the purported marriage is an absolute nullity, and will be so decreed in any court and in any proceeding where the question may arise, whether during the lifetime of both of the parties or after the death of either of them. In some states, however, statutes have been passed designed to render marriages of this kind free from attack, except in proceedings for annulment brought by or on behalf of one of the parties."

Of course, the authorities from states in which marriages of lunatics are by statute declared only voidable; are inapplicable, as there is no statute of Texas, where this marriage took place, to that effect. The marriage being void, and not only voidable, is as if it had never taken place.

The demurrer is overruled.