## KEVAN v. JOHN HANCOCK MUT. LIFE INS. CO.

No. 8684.

District Court, W. D. Missouri, W. D. April 21, 1933.

J. M. Johnson and Donald W. Johnson, both of Kansas City, Mo., for plaintiff.

Roy P. Swanson (of Meservey, Michaels, Blackmar, Newkirk & Eager) and Kenneth E. Midgley, both of Kansas City, Mo., for defendant.

Sam B. Sebree (of Sebree, Jost & Sebree), of Kansas City, Mo., amicus curiæ.

OTIS, District Judge.

Plaintiff's petition is in four counts. Counts I and III are of the same character and contain substantially the same allegations, but concern different policies of insurance. Counts II and IV are of the same character and contain substantially the same allegations, but concern different policies of

insurance. This memorandum will speak only of counts I and II. What is said as to them will apply equally to counts III and IV.

### As to Count I.

1. In count I of the petition plaintiff sues as administratrix of the estate of Millard N. Kevan, deceased. Kevan had a policy of life insurance with the defendant. His wife, Elizabeth Kevan (as administratrix of the estate she is the plaintiff), was named as beneficiary. Kevan reserved the right to change the beneficiary but did not exercise that right. The petition alleges that on August 6, 1932, Kevan entered into an agreement with the defendant which in fact and in law would have effectuated cancellation and surrender of the policy except for the fact that he was at that time insane, so that his attempted contract of surrender and cancellation was void. It is further alleged that Elizabeth Kevan, as beneficiary, has assigned her rights under the policy to herself as administratrix.

In its demurrer defendant alleges, among other things, (a) that the plaintiff does not have legal capacity to sue and to maintain this action and that (b) the petition does not state facts sufficient to constitute a cause of action.

It is quite clear and indeed at the oral argument was admitted by plaintiff's counsel that no cause of action is stated in the plaintiff unless in her capacity as administratrix she could take and sue upon an assignment of the right of action, if any, which she had in her capacity as beneficiary.

■ The rights and duties of an administrator are fixed by statute. The applicable Missouri statute is section 94, R. S. Mo. 1929 (Mo. St. Ann. § 94), which is: "Executors and administrators shall collect all money and debts of every kind due to the deceased, and give receipts and discharges therefor, and shall commence and prosecute all actions which may be maintained and are necessary in the course of his administration, and defend all such as are brought against him."

■ This statute confers no authority upon an administrator to take assignments of causes of action nor to prosecute such causes of action after they have been assigned. Under the allegations of the petition all rights, if any, against the defendant under the policy involved are in the beneficiary named in that policy. Any right of action that may exist in the beneficiary is no part of the estate of Kevan of which the plaintiff is administratrix. Such a right of action is quite as far removed from that estate as if it were a right of action on a promissory note given by John Doe to Richard Roe. While that could be assigned to any individual, obviously it could not be assigned to the administrator of some estate in his official capacity and obviously if it were so assigned, having no connection whatever with the estate, the administrator could not sue upon it.

It was stated in the oral argument by plaintiff's counsel that under the true facts of the situation (although not under the facts alleged) the plaintiff in her individual capacity had surrendered all her rights as beneficiary and that since on that account there was no beneficiary at the time of the death of the insured by the terms of the policy the rights under it are vested in the estate of the insured. So that it is possible that an amended petition stating the true facts might show a cause of action in the plaintiff as administratrix, provided, otherwise, a cause of action has been stated.

2. The second contention made by defendant is that no cause of action is stated in that plaintiff affirmatively pleads that the insured contracted with the defendant that his policy should be surrendered and canceled and that no cause of action at law can be stated until in an equitable proceeding that contract of cancellation and surrender has been set aside. It is urged that in Missouri a contract entered into by an insane person (unless there has been an adjudication of insanity) is not void, but only voidable (Doty v. Mumma, 305 Mo. 188, 264 S. W. 656, 34 A. L. R. 1399; Jamison v. Culligan, 151 Mo. 410, 52 S. W. 224; Rhoades v. Fuller, 139 Mo. 179, 40 S. W. 760; Blount v. Spratt, 113 Mo. 48, 20 S. W. 967), and that, therefore, a mere allegation (as in this petition) of insanity is insufficient to support a conclusion that such a contract is void, a conclusion essential to a cause of action at law such as is sought to be stated here. Replying to this contention plaintiff's counsel says that while it is true that in Missouri law the contract of an insane person is only voidable and not void (absent an adjudication of insanity), the federal rule is otherwise. The federal rule is, so plaintiff's counsel urges, that the contract of an insane person is absolutely void.

I do not find a single federal appellate court decision announcing the rule that contracts generally entered into by insane persons, not adjudicated insane, are absolutely void. Only two appellate decisions have been

cited which have any relevancy whatever to the question. They are Dexter v. Hall, 15 Wall. 9, 21 L. Ed. 73, and Plaster v. Rigney (8 C. C. A.) 97 F. 12.

All that is ruled in Dexter v. Hall is that a power of attorney given by an insane person is void. Whether the insane person who had given the power of attorney involved in that case had been adjudicated insane does not appear from the statement of facts. It does appear, however, that he had been "sent to a lunatic asylum" and that he had executed the power of attorney while an inmate of that institution. No reference is made in the opinion to any local California law (the case came to the Supreme Court from California) on the subject of the validity of the contracts of insane persons. The reasonable inference to be drawn from the briefs of counsel reported with the case, as well as from the opinion, is that there was no such local California rule.

 While it is true that the reasoning given by the court, in support of the conclusion that a power of attorney executed by an insane person is void, would seem to be equally applicable to any contract of an insane person, the reference in the opinion to contracts generally clearly is dictum. The only thing decided by the case is that a power of attorney executed by an insane person is void. And even as to that the application of the rule stated by the court must be considered to be limited by the facts of the case, especially including the fact that the insane person there had been committed to an asylum and that no local rule had been established in California, either by statute or judicial decision, under which contracts of insane persons not adjudicated insane are merely voidable and not void.

 Plaster v. Rigney goes no further than Dexter v. Hall, except that in that case it does appear that the insane person involved had not yet been adjudged insane at the time he executed a power of attorney. The case is authority only for the rule that a power of attorney executed by an insane person is void. It does not even contain dictum touching whether contracts generally executed by an insane person are void or only voidable. Further the case makes no reference to the Missouri rule (the case came to the Court of Appeals from Missouri) that contracts of an insane person not adjudicated insane are voidable only.

The only other federal cases are decisions of nisi prius courts and there are only five of them. Rigney v. Plaster (C. C.) 88 F. 686 (the same case as that decided by the Court of Appeals in 97 F. 12) and dealing only with a power of attorney given by an insane person; Edwards v. Davenport (C. C.) 20 F. 756, dealing with the validity of a mortgage executed by an insane person; Parkhurst v. Hosford (C. C.) 21 F. 827, dealing with the validity of a deed executed by one insane; German Savings & Loan Soc. v. DeLashmutt (C. C.) 67 F. 399, also dealing with a deed; and Sothern et al. v. United States (D. C.) 12 F.(2d) 936, dealing with the validity of a marriage contract entered into by an insane person.

My view of the matter is that it cannot be said that a Supreme Court dictum and five scattered District Court opinions establish any such federal rule as plaintiff contends for.

The overwhelming weight of authority in this country in the state courts is that the contracts of insane persons who have not been adjudged insane are voidable only. See citations of cases in notes 68 and 69, 32 C. J. 730. And that, as we have seen, is the Missouri rule.

 In any event I do not consider that whether a person belonging to a given class (as insane persons not yet adjudged insane) is capable of entering into a contract is a question of general law and jurisprudence (as to which federal courts judge independently), if a definite local rule has been stated, either by judicial decision or statute.[1]

 It is to be noted that the question here is not one of construction or interpretation of a contract (which would be a matter of general law and jurisprudence) nor is it one of determining whether a given contract is void or only voidable by reason of something in the contract itself (which also would be a matter of general law and jurisprudence), but it is a question of competency to contract.[2] I consider that that is a matter to be

[1] The one federal case that discusses this phase of the subject is Edwards v. Davenport (C. C.) 20 F. 756. In the opinion in that case the court held that the question was one of general jurisprudence as it concerned the validity of a class of contracts. In my view the question does not so much concern the validity of a contract as the competency of persons to contract. Whether a contract is invalid from some defect in the contract is a question of general jurisprudence; whether it is invalid because one of the contracting parties had no competency to contract is determinable by local law.

[2] I cannot agree with counsel for the defendant that the Missouri rule has any statutory basis. Counsel cites section 486, R. S. Mo. 1929 (Mo. St. Ann. § 486). The sole application of that statute is to contracts made by an insane person after adjudication of insanity. Neither expressly nor by implication does it make provision as to contracts of

decided in the light of the local law if the local law has been definitely established. Compare Cross v. Allen, 141 U. S. 528, 532, 12 S. Ct. 67, 35 L. Ed. 843 (dealing with the capacity of married women to contract); Clayton v. Tibbens (8 C. C. A.) 298 F. 18 (dealing with the capacity of minors to contract). See, also, Safe Deposit, etc., Co. v. Tait (D. C.) 54 F.(2d) 383. As to matters within the field of local law, federal courts are governed by it whether it is embodied either in statutes or decisions.

Even if there were a well-established federal rule on this subject (and that is not the case), that rule should yield to a definitely established state rule if the question is doubtful. It was so held by the Supreme Court in Kuhn v. Fairmont Coal Co., 215 U. S. 349, 360, 30 S. Ct. 140, 143, 54 L. Ed. 228. It was so held in that case even although there the state rule had been first announced at a time subsequent to the occurrence of the facts involved. Much more should that be true where, as in this case, the state rule had been definitely established long before the occurrence of the facts. This principle by itself is quite sufficient to justify the adoption by this court of the established Missouri rule. "For the sake of comity and to avoid confusion, the Federal court should always lean to an agreement with the state court if the question is balanced with doubt." Kuhn v. Fairmont Coal Company, supra. Comity certainly would be disturbed and confusion certainly would result if contracts of insane persons not adjudicated insane are held absolutely void in the federal courts sitting in a state where the contracts were made and in whose courts such contracts are only voidable.

A summary of my conclusions on this phase of the matter is, first, there is no federal rule that all contracts of insane persons not adjudicated insane are void; second, that if there is such a federal rule it must yield to a definitely established rule in the state in which a federal court is sitting, and, third, if there is such a federal rule and even if necessarily it is not ineffectual against a definitely established state rule, nevertheless for the sake of comity and to avoid confusion it should not be followed if the state rule is equally sound and reasonable.

insane persons who have not been adjudicated insane. The most that can be said is that it involves a legislative recognition of the fact that in Missouri the law by judicial decisions has been established to the effect that the contracts of insane persons are not void, but voidable. The statute but declares one exception to that established rule.

## As to Count II.

All that has been said herein under point 2 is equally applicable to count II of the petition. A cause of action is not stated in that count for that it pleads a contract of surrender and cancellation of the policy sued on and seeks to avoid the effect of that contract by pleading its invalidity on the insufficient ground that the insured was insane when he entered into the contract of surrender and cancellation. Other attacks are made by the defendant on count II, but it is unnecessary to discuss them.