I. WEIL & CO. v. JOHN W. ECKARD, *et al.*

TRIAL BY COURT—*Effect of Special Findings.* In a case tried by the court, wherein special findings of fact are made, the same effect is to be given them as if found by the jury, and if there is any evidence to sustain them, they will not be disturbed by this court.

*Error from Pottawatomie District Court.*

THE opinion states the nature of the action, and the material facts. Trial by the court, at the June Term, 1885, and judgment for defendants. The plaintiffs, *Weil & Co.*, bring the case to this court.

*L. H. Finney*, for plaintiffs in error.

*D. V. Sprague*, for defendants in error Trout & Leach.

Opinion by SIMPSON, C.: John W. Eckard and N. Pettinger, partners as Eckard & Pettinger, were in business, and owned a stock of goods and a store building in Westmoreland, Pottawatomie county. On the 4th day of October, 1884, Pettinger sold out his interest in the partnership to Eckard, the other partner, and took notes of $1,225 each, one secured by a chattel mortgage on the stock of goods, and the other by a real-estate mortgage on lot 30 and the east half of lot 29, in Cochran's addition to Westmoreland. The store building was on these lots. At the time of this sale of the interest of Pettinger to Eckard the firm was largely indebted, and from the evidence in the case may be said to have been insolvent. The matter in question here is the real-estate mortgage. It was recorded October 4th, and on the same day was assigned by Pettinger to his son, Vernon Pettinger, who had been in the employment of the firm, and who knew all the circumstances under which it was executed. On the 7th of October he sold and assigned the note and mortgage to Trout & Leach, bankers at Wamego. Vernon Pettinger was indebted at the bank of Trout & Leach, and he was paid by the surrender of his own

paper to the amount of $800, and he received in addition $200 in cash. The paper on which Vernon Pettinger was responsible to Trout & Leach was the paper of the partnership; Trout & Leach knew of the partnership; had dealt with it; knew that this mortgage was on the partnership property, Leach having been at Westmoreland some time before, and examined it, and knew that a mortgage was given in some settlement between the parties; and they knew also that the firm of Eckard & Pettinger were "hard up;" that they carried too much on their books; that they had not money to pay their bills; that Trout & Leach had loaned them money. At the time of the execution and the delivery of the mortgage by Eckard to Pettinger, the firm of Eckard & Pettinger was indebted to the plaintiffs in error in the sum of $1,530.23; to Tootle, Hanna & Co., $140.72; to another firm, $165; to another, $1,008.33; to A. J. Gray, $300; to A. Grimes & Co., $1,093; to Roll, Thayer, Williams & Co., $205.78; to Kendall & Emery, $700; for which chattel mortgages were given on the stock of merchandise by Eckard, on the 11th day of October. The plaintiffs in error were also secured by a mortgage on lot 30 and the east half of lot 29, the same being the lots on which the store building was situated. The indebtedness of the firm, as shown by this record, including the judgment of Freyschlog of $243.33, and the amount due Trout & Leach for which Vernon Pettinger was responsible, say $800, amounted to over $6,000, exclusive of interest and the costs of litigation. The value of the lots and the store building, and of the entire partnership property, was from $4,500 to $5,000. The object of this action was to set aside the mortgage made by Eckard to Pettinger, and assigned through the son of Pettinger to Trout & Leach, as fraudulent against the plaintiffs in error, who are creditors of the firm of Eckard & Pettinger, and who have a mortgage on the store property, executed and recorded on the 11th day of October. The case was tried by the court without the intervention of a jury, and the findings of fact and conclusions of law are as follows:

"1. That John W. Eckard and N. Pettinger, were part-

ners in business at Westmoreland, Pottawatomie county, Kansas, under the firm-name of Eckard & Pettinger, up to about the 1st day of October, 1884, at which time the partnership was dissolved, and Pettinger sold all his interest in the partnership property to Eckard.

"2. That lot No. 30 and the east half of lot No. 29, in Cochran's addition to Westmoreland, in Pottawatomie county, Kansas, was a part of the partnership property of said firm of Eckard & Pettinger, and that Pettinger sold his interest therein to Eckard on or about the 3d day of October, 1884.

"3. That on the 3d day of October, 1884, John W. Eckard and Annie E. Eckard his wife executed and delivered to N. Pettinger their promissory note for $1,225, a part of the purchase-money of his interest in the partnership property, due eighteen months after date, drawing interest at the rate of ten per cent. per annum from date, and on the same day executed and delivered to said N. Pettinger a mortgage upon said real estate to secure the payment of said note, which mortgage was duly filed for record on the 4th day of October, 1884, at 11 o'clock A. M.

"4. That on the 4th day of October, 1884, the said N. Pettinger sold and indorsed said note and assigned said mortgage to V. Pettinger, and that said assignment of said mortgage was duly filed for record the 4th day of October, 1884.

"5. That on the 7th day of October, 1884, V. Pettinger sold and indorsed said note and assigned said mortgage to the defendants Trout & Leach, and that said assignment of said mortgage was duly filed for record on the 7th day of October, 1884.

"6. That the said Trout & Leach bought said note and mortgage in good faith and for a valuable consideration, and then became and still are *bona fide* the owners and holders thereof and that said mortgage is the first lien upon said estate.

"7. That on the 3d day of October, 1884, John W. Eckard and N. Pettinger, partners as Eckard & Pettinger, were indebted to the plaintiffs I. Weil & Co. in the sum of $1,530.23, and that no part thereof has since been paid.

"8. That on the 11th day of October, 1884, the said John W. Eckard and Annie E. Eckard his wife, for the purpose of securing said indebtedness of Eckard & Pettinger to I. Weil & Co., executed and delivered to the said I. Weil & Co. a mortgage on the aforesaid real estate, which was duly filed for record on the 11th day of October, 1884, and that said mortgage is the second lien upon said real estate, and that appraisement

was by said defendants John W. Eckard and Annie E. Eckard duly waived."

To each and every of the said findings of fact the said plaintiffs duly excepted separately.

### CONCLUSIONS OF LAW.

"1. That the said plaintiffs I. Weil & Co. are entitled to recover from John W. Eckard and N. Pettinger the sum of one thousand six hundred and four and $\frac{61}{100}$ dollars, and to a foreclosure of said mortgage and an order of sale of said real estate without appraisement, after the expiration of six months, and that the same be held to be the second lien on said real estate.

"2. That when the said sale is made the said Trout & Leach will be entitled to recover out of the proceeds thereof the amount then due upon the aforesaid note of John W. Eckard and Annie E. Eckard now held by them; and the same be held to be the first lien on said real estate.

"3. That when such sale is made, the proceeds, after paying the costs of said suit and the said sale, and the taxes, if any then accrued and unpaid on said real estate, must be applied, first, in payment of the amount then due upon the aforesaid note of John W. Eckard and Annie E. Eckard, now held by Trout & Leach; and second, in payment of said judgment of I. Weil & Co., with interest accrued thereon, up to the time of said sale."

To each and every of said conclusions of law the plaintiffs duly excepted. Thereupon the said plaintiffs filed in said court their motion for a new trial of this cause, for all the statutory causes. The court overruled said motion, to which ruling the plaintiffs excepted. Thereupon the court ordered, adjudged and decreed that the plaintiffs do have and recover of and from the defendants John W. Eckard and N. Pettinger the sum of one thousand six hundred and four and $\frac{61}{100}$ dollars, and the costs of suit, taxed at ——; and hereof let execution issue. The court further ordered, adjudged and decreed, that the mortgage of the plaintiffs on the premises, lot No. 30 and the east half of lot 29, of Cochran's addition to the city of Westmoreland, in Pottawatomie county, Kansas, be foreclosed; that after six months from this date an order of sale of said premises issue, and that said premises be sold without appraisement;

and it was further ordered, adjudged and decreed, that the mortgage owned and held by Trout & Leach be and the same hereby is declared to be a first lien on said premises, and that the mortgage of the said Weil & Co. be and the same hereby is declared to be a second lien on said premises.   The court further ordered, adjudged and decreed, that the moneys arising out of the sale of the said premises be applied : First, to the payment of the taxes accrued and unpaid on said premises; second, to the payment of the costs of this action; third, to the payment of the amount then due to Trout & Leach; fourth, to the payment of the judgment of the plaintiffs; and that the defendants John W. Eckard and Annie E. Eckard, N. Pettinger and Vernon Pettinger, be forever foreclosed and barred of and from all and every interest, right, title or claim in or to said mortgaged premises.   And it was further ordered, that the injunction heretofore issued in the cause be dissolved, and that the order dissolving said injunction be suspended for sixty days, and until decision of the supreme court, if petition in error be filed.

To all of which findings of fact and conclusions of law, orders, judgments, decrees and proceedings the plaintiffs then and there duly excepted.

It makes no practical difference how much we may be impressed with the views of the counsel for plaintiffs in error; in the condition of the record we can do nothing but sympathize with him.   There was no special finding requested, or even given, on the question of the insolvency of the partnership at the time of the execution of this mortgage by one partner to the other.   While we might think the evidence justified such a finding, we must hold in accordance with established principles and repeated decisions, that the general finding and judgment include every material fact necessary to sustain such judgment; and that in legal contemplation there is a finding that the partnership was not insolvent at that time.

This compels an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.