ISAAC HAGLER v. J. H. TAYLOR *et al.*
No. 58.

JURY FINDING, *not Disturbed.* A general verdict by a jury upon conflicting evidence must be treated as a finding of every fact necessary to be established to sustain the verdict; and, being approved by the trial court, such finding will not be disturbed by an appellate court.

MEMORANDUM.—Error from Saline district court; R. F. THOMPSON, judge. Action on contract brought by J. H. Taylor and Robert S. See against Isaac Hagler. Judgment for plaintiffs. Defendant brings the case here. Affirmed. The material facts are stated in the opinion herein, filed January 9, 1896.

*R. A. Lovitt,* for plaintiff in error.

*Joseph Moore,* for defendants in error.

The opinion of the court was delivered by

CLARK, J.: This is an action brought in the district court of Saline county by J. H. Taylor and Robert S. See to recover from the plaintiff in error a commission claimed to be due them as agents for the sale of certain real estate belonging to the plaintiff in error. The plaintiffs recovered a judgment as prayed for, and the defendant has brought the case to this court seeking a reversal of the judgment upon the following assignments of error : The overruling of the demurrer to the evidence, the admission and rejection of certain evidence offered at the trial, the giving of certain instructions to the jury, and the overruling of defendant's motion for a new trial. The real contention between the parties to this action was, and is, as to whether or not Taylor and See procured a purchaser for the land who was willing, ready and able to pur-

chase on the terms authorized by Hagler, the land-owner.   We have carefully examined the record and find that conflicting evidence was submitted to the jury upon the question at issue.   The evidence submitted by the plaintiffs below was sufficient, if not uncontradicted, to support a general finding in their favor ; hence the demurrer to the evidence was properly overruled.   The jury returned a general verdict in favor of the plaintiffs, which was approved by the trial court.   This verdict must be treated as a finding in favor of the plaintiffs of every essential fact necessary to be established to entitle them to a recovery. This court cannot weigh conflicting evidence or set aside the verdict of a jury solely on the ground that in its opinion the preponderance of the evidence was in favor of the defeated party.   The jury are to determine the facts, and, except in the entire absence of competent evidence to support the verdict, their findings are conclusive upon this court. (*Elerick v. Braden,* 38 Kan. 83 ; *Morris v. Trumbo,* 1 Kan. App. 150.)   We have been unable to discover from an examination of the record any errors committed by the court in its rulings on the admission or rejection of evidence offered, or in its instructions to the jury, prejudicial to the rights of the plaintiff in error.

It follows, therefore, that the judgment must be affirmed.

All the Judges concurring.