27    405
103   450
105   151
105   180
27    405
117   520
27    405
122   123
125   300

------

## McDonald, Plaintiff in Error, v. Schneider, Defendant in Errror.

1. Under the act of December 22, 1824, (R. C. 1825, p. 211,) the trustees of the town of St. Charles had power to lease the common of the town.
2. It is not sufficient to invalidate such a lease that it was executed in the name of the trustees of the town and not in the name of " The inhabitants of the town of St. Charles"—the corporate name of the town.
3. In order that a defendant may defeat a recovery in an action of ejectment by showing an outstanding title in a third person, such outstanding title so set up must be a present, subsisting and operative title, such an one as the owner thereof could recover on if he were asserting it in an action.
4. Possession of land is presumed to be in the true owner. Being presumed to be in the possession of the whole, another entering upon him, whether under color of title or not, can acquire title as against him, under the statute of limitations, only to such portion as is actually occupied by him for twenty years adversely to the true ewner; he is confined to his actual adverse possession, and the burden is on him to show such actual adverse possession and its extent.

### Error to St. Charles Circuit Court.

This was an action of ejectment to recover a portion of lot numbered 24, in block 8, in St. Charles common. The plaintiff claimed, under the town of St. Charles, a leasehold interest in the premises in controversy for 999 years. In support of his title—after showing that the land sought to be recovered was embraced within the United States survey, approved in 1854, of the outboundary lines of the town of St. Charles, including the common confirmed to said town by the act of Congress of June 13, 1812—adduced in evidence, against the objection of defendant, a lease for 999 years, dated June 18, 1831, to one Wardlaw. This deed of lease is executed in the name of the trustees of the town of St.

Charles, and is signed by the clerk of the board of trustees, and has the corporate seal attached by him. It seems to have been first issued in favor of one James B. Bradley, whose name appears to have been afterwards obliterated, and the name of Wardlaw to have been substituted under an order of the board of trustees to that effect. On the 19th of September, 1834, said Wardlaw assigned said lease to Pleasant Gordon, who assigned the same to one Orrick, who made an assignment to the plaintiff. On the 22d of March, 1839, the board of trustees, by a deed of lease executed in the same manner as the first, again leased said lot to plaintiff. Plaintiff and those under whom he claims have paid the rent reserved.

The defendant claims title in right of his wife to the premises in controversy as being a portion of the north-east fractional quarter of section four, township 46 north, range 4 east. This fractional quarter section overlaps in part the south-west corner of the common of St. Charles. It was entered in the office of the register April 30, 1832. The patent is dated September 2, 1835. The evidence showed that plaintiff and those under whom he claims had been in possession of lot No. 24 from the date of the lease to Wardlaw, and that defendant had been in possession of fractional quarter section four from about the time of the entry thereof; but the testimony with respect to the actual occupancy of the overlapping portions of the two tracts was conflicting. The testimony showed that Bradley, soon after. the date of the deed of June 18, 1831, left St. Charles, and that he never took possession of the said lot No. 24.

Numerous instructions were given and refused; the following embrace those referred to in the opinion of the court, which were given at the instance of the defendant: " 2. The jury are also instructed that if they believe from the evidence in the cause that the lease aforesaid [that of June 18, 1831,] was executed and delivered to the said James B. Bradley by the board of trustees of the town of St. Charles, the legal effect of said lease was to divest, for the period of

time mentioned in said lease, whatever title the town of St. Charles had in and to the premises therein mentioned, and that the title thus divested could not, during the term of said lease, be revested in said corporation, except by a re-conveyance in writing by said Bradley, or his assignee, to said corporation, or by a judicial decree of some court of competent jurisdiction; and there is no legal evidence either of such reconveyance or decree. 3. If the jury find from the evidence in the cause that Augusta Boschet, alias Lively, on the 30th day of April, 1832, entered at the land office of the United States, at St. Louis, the north-east fractional quarter of section 4, township 46 north, range 4 east; that the defendant afterwards, in the year 1832, married said Augusta, and in virtue of said entry at the land office aforesaid, entered in said year upon a part of the said fractional quarter section, claiming title to the whole, erected a dwelling-house thereon, and cleared, put under fence and cultivated a part thereof, and openly resided upon the same, and openly cultivated parts thereof continuously for the period of twenty years next before the institution of this suit; and the jury shall also find from the evidence that the land in controversy is included within the limits of said fractional quarter section, they will render their verdict for the defendant for such parts of said quarter section now in dispute as the said defendant held and occupied as aforesaid, unless they shall also find from the evidence that the land in controversy was, within the said twenty years, in the actual open adverse possession of another. 4. The jury are further instructed that if they find from the evidence in the cause that the lease bearing date June 18, 1831, read in evidence, was by the board of trustees of the town of St. Charles executed and delivered to said James B. Bradley by the said board or their agent; and afterwards, during the continuance of the term specified in said lease, the said board of trustees ordered their clerk to erase the name of said Bradley from said lease and insert the name of Hugh H. Wardlaw instead, and their clerk obeyed said order, and made the erasure in the

absence of said Bradley, and without his knowledge; and the said board of trustees caused the said lease, after the said erasure, to be delivered to the said Wardlaw, such alteration and delivery was an illegal and unauthorized spoliation of the lease, which did not destroy or affect the right of Bradley to the lease as a muniment of his title to the premises conveyed by it, nor vest in said Wardlaw any title to said premises, nor enable him to assign the same to Gordon; and in case the jury find the fact of erasure as specified in this instruction, they will render a verdict for the defendant. 5. The defendant asks the court to instruct the jury that upon the case made by the plaintiff, he can not recover in this action."

The plaintiff took a nonsuit with leave, &c.

*Wells* and *Krekel*, for plaintiff in error.

I. The trustees had power to lease the commons. (R. C. 1825, p. 766; 2 Terr. Laws, 296, 410; Sess. Acts, 1837, p. 306.) Misnomer does not invalidate. (Grant on Corp. 65; Angell & Ames on Corp. p. 78, 194, 584; 2 Kent Com. 292; 19 Mo. 613.) The corporation has recognized the validity of the lease by renewing it and collecting rents.

II. Plaintiff's entering on part of lot 24 in 1833 stopped the statute from running. (5 Litt. 89, 90; 4 Barr, 254.) The defendant is limited to the possession he had twenty years prior to the bringing of this suit. (5 Dana, 65; 1 Hill, 135; 2 Harr. & Jo. 380; 10 Mo. 769; 20 Penn. 32; 2 Bibb, 508; Angell on Limitation, 432, 443.) The defendant must show the extent and boundary of his possession.

III. Bradley could not recover on the title set up as outstanding in him. It was barred by the statute of limitations. It is not a living subsisting title. (1 Mary. 234; 2 Har. & Jo. 125; 1 Swan, 519; 3 Johns. 386; 18 Mo. 522; 6 Pet. 302; 9 Yerg. 325; 4 Johns. 202.) The instructions given for the defendant were erroneous.

*U. Wright*, for defendant in error.

I. Plaintiff's case failed upon his own showing. The proof

was that the title was in another. (R. C. 806 ; 19 Mo.
132 ; 1 Parsons on Contr. 118; Angell & Ames on Corp.
293 ; 12 Wheat. 64; 6 Peters, 452; Comb's case, 9 Co. 76,
b.; 11 Mo. 209; 4 Bac. Abr. 140; 16 Mo. 42; 2 Cush.
337 ; Story on Agency, 147 ; 1 Amer. Lea. Cas. 597.)

Scott, Judge, delivered the opinion of the court.

We do not see the force of the objections to the deed of
of lease made by the trustees of the town of St. Charles to
Wardlaw. It is under the seal of the corporation. The
common seal is proved. It is also shown that it was affixed
by the clerk of the board of trustees, who was authorized
thereunto by ordinance. The attesting clause is nearly in
the language required by law. (Angell & Ames, § 225.)
The town of St. Charles was incorporated by an order of the
county court of the county of St. Charles in 1830, in pur-
suance to the provisions of the act of the legislature approved
January 26th, 1825. Under this act, and the act of Decem-
ber 22d, 1824, concerning commons, it was supposed that
the town had authority to lease her commons, and she did
actually lease portions of them. Being in the exercise of
this right, when the act of 28th December, 1832, respect-
ing the commons of St. Charles, and the act of 27th Jan-
uary, 1837, incorporating the town, were passed, the two
first sections of the former and the 9th section of the latter
of these acts must be regarded as a recognition of the valid-
ity of the powers previously exercised in relation to the com-
mons. But where is the utility of such an objection, as the
town recognizes the validity of the leases she has granted ?
At most, it could only render a change in the style of the
suit necessary. St. Charles could sue in her own name.
Those going in under void leases would be regarded as ten-
ants at will. Their occupation or possession would enure to
the benefit of the town on a question as to the propriety of
the application of the statute of limitations. (Murray v.
Armstrong, 11 Mo. 209.)

We are told that as early as the time of Lord Coke an attempt by a corporation to set aside a grant for a misnomer was severely censured. The act under which St. Charles was incorporated required that the town incorporated should be a body politic and corporate by the name and style of " The inhabitants of the town of ———," naming the town to which the charter was granted. The lease is in the name of the trustees of the town of St. Charles, a misnomer which the officer very naturally made ; as it will be seen, from the act in relation to towns and the several acts before referred to, that, when any thing is to be done, the statute requires that the trustees should do it. The rule with regard to the misnomer of individuals does not apply to corporations. The trustees were the recognized agents of the inhabitants. To them was confided all the police power of the body politic. When they acted as such, it must have been for the inhabitants of the town. The transposition or omission of some of the words of the name of a corporation or the interpolation of others does not necessarily make a difference in their sense. (10 N. H. 123 ; 32 Eng. Law & Eq. 589 ; Angell & Ames on Corp. § 99.)

The second and two last instructions given for the defendant were erroneous, under the facts of the case. The deed to Bradley was upwards of twenty years old. There had been no possession under it for more than twenty years by Bradley or those claiming under him. It is a well established principle that an outstanding title in a third person, set up as a bar to a recovery in an action of ejectment, must be such a one as the owner of that title himself could recover on if he were asserting it in an action. It must be a present, subsisting and operative title. Now it is obvious that the title of Bradley, set up in this action, was not such a one. *Prima facie*, he could not have maintained a suit upon it. Why then should a stranger be permitted to use it as a defence in an action of ejectment ? There were no circumstances in evidence which relieved it from the objections with which it was encountered. (Jackson v. Hudson, 3 John.

375 ; Greenleaf's Lessee v. Birth, 6 Pet. 302 ; Peck v. Car-
michael, 9 Yerg. 325.) Moreover, there were facts from
which a jury might have found a surrender or reconveyance
of the demised premises. The fact that the deed of Bradley
was in the hands of the grantor, his long continued absence
and silence, the little value of the lease at the time, were
circumstances of sufficient weight to have warranted such a
verdict. Deeds may be presumed from length of time alone,
nothing counteracting such a presumption. (1 Cow. & H.
Notes, p. 355.)

Although it is a rule that he who is in possession of a part·
of a tract of land, having title thereto, is adjudged by the
law to be in the possession of the whole of it ; and, although
it is a rule that where possesssion is mixed, or where two
persons possess adjoining tracts and their possession conflicts
or interferes the one with the other, the legal possession is
adjudged to be in him who has the better title—for, as both
can not be seized, the possession follows the title—yet if he
who has the inferior title enters upon the interference and
actually occupies it adversely to him who has the better title
for a sufficient length of time, he will acquire a title against
the true owner by limitation as to the portion actually occu-
pied, although the true owner may be in the actual posses-
sion of that portion of his tract which is not covered by the
interference. (Barr v. Gratz, 4 Wheat. 213 ; Hall v. Pow-
ell, 4 Serg. & R. 456 ; Angell on Limitations, 432, 442 ;
McGowan v. Crooks, 5 Dana, 65 ; Burns v. Smith, 2 Serg. &
R. 436.) Had the case of Altemus v. Long, 4 Barr, 254,
intended to overturn all the previous cases on the subject,
they would certainly have been referred to. The case in
Barr seems to turn on the effect of an entry at common law
by the true owner on one not having a title. So the rule
that possession of part is possession of the whole, is only
applicable where there is no actual adverse occupancy.

If the defendant was in the actual adverse occupancy of
any portion of the interference for a length of time sufficient
to bar the plaintiff's action, he can not now be evicted by

him. But in such case he can only defend for the portion which he shows he has actually occupied for twenty years. The rule that possession of part, claiming the whole, under a color of title, is possession of the whole, can not avail him, as the plaintiff, having the legal title to the whole, is deemed to be in possession of the whole, and the defendant can only prescribe for that part which he shows to have been actually occupied for twenty years adversely to the plaintiff. The burden is on him and he is confined to his actual adverse possession, which must have been enjoyed for a time sufficient to create a bar of the plaintiff's right. The plaintiff's claim consists of a portion of the commons of St. Charles, which were confirmed by the act of 13th June, 1812. The defendant's title is a subsequent entry with the United States register and receiver and a patent thereon. The confirmation being the elder title, its superiority is admitted by the defendant.

The other judges concurring, the judgment will be reversed and the cause remanded.