RIGNEY v. PLASTER.

(Circuit Court, W. D. Missouri, W. D. June 13, 1898.)

No. 2,081.

1. DEEDS—ADMISSIBILITY AS EVIDENCE—CERTIFIED COPIES OF RECORD.
Under Rev. St. Mo. 1889, §§ 4858, 4864, 4865, certified copies of the record of a deed, acknowledged according to the law in force at the time of its execution, but since repealed, are admissible in evidence without proof of the execution of the original, when such deed has been recorded 30 years or more prior to the time of offering such copy in evidence.

2. CONSTRUCTION OF STATUTES.
The intention of a legislative act is often to be gathered from a view of every part of the statute, and the true intention should always prevail over the literal sense of the terms employed. A thing within the intention of the legislature in framing a statute is often as much within the statute as if it were within the letter.

3. EJECTMENT—OUTSTANDING TITLE—INVALID DEED.
An outstanding title to defeat an action of ejectment must be a present subsisting title, which, prima facie, can be asserted in favor of the party holding it, and not one which is dead under the statute of limitations, or presumptively has been abandoned or extinguished. Hence a deed not acknowledged by an officer having authority to take acknowledgments is not admissible to show outstanding title, notwithstanding section 4864, Rev. St. Mo. 1889, authorizes certified copy to be read in evidence.

4. SAME—POWER OF ATTORNEY BY LUNATIC.
A power of attorney given by one non compos mentis is void, and consequently a deed executed under such a power is not admissible in ejectment as evidence of outstanding title.

This was an action of ejectment brought by Alice H. Rigney, by Charles Lyon, her curator, against Elisha Plaster. Plaintiff having recovered a judgment, the cause is now heard on defendant's motion for a new trial.

Geo. H. English and J. H. Bremerman, for plaintiff.
L. H. Waters, for defendant.

PHILIPS, District Judge. This is an action of ejectment to recover possession of certain real estate situate in the county of Carroll, state of Missouri. On trial had to a jury, plaintiff recovered judgment, and the defendant has filed motion for a new trial, assigning as grounds therefor errors committed by the court in the admission and rejection of certain title papers. It is admitted that the land in question was patented by the United States to Henry Richmond, April 20, 1819. The plaintiff claims title by mesne conveyances from said

Richmond. In support of her title, she offered in evidence a deed from said Richmond to John Thompson, dated May 21, 1819. This deed was acknowledged by said Richmond on the 1st day of August, 1819, before Robert Martin, mayor of the city of Philadelphia, in the state of Pennsylvania, and duly filed for record in said Carroll county, on May 5, 1866. It was admitted on the trial that the original deed was not in the possession of plaintiff, and that the same had been lost. The plaintiff offered a duly-certified copy of this deed from the recorder's office of said Carroll county. This certified copy was admitted in evidence by the court, over the objection of defendant; the ground of objection being that said certified copy was and is not admissible in evidence without proof of the execution by said Richmond.

Under the statute of Missouri in force at the time of the taking of the acknowledgment to this deed, the mayor of the city of Philadelphia was authorized to take acknowledgments of deeds to lands situate in the territory of Missouri (Laws Mo. 1818, p. 128, § 6). This statute, in so far as it authorized the taking of acknowledgments outside of the state by the mayor of any city, was repealed by the act of the legislature of Missouri approved February 21, 1825 (Laws Mo. 1825, p. 500, § 13). In the revision of that year of the law regulating conveyances (section 8, p. 218, Rev. Laws Mo. 1825), such acknowledgments, when taken outside of the state, could only be taken before some court of record in the state in which the deed should be executed. The vested rights of parties under grants to lands acquired prior to the repeal were preserved by the repealing act aforesaid.

The contention of defendant's counsel is that, inasmuch as the deed in question was duly acknowledged under the statute of the territory of Missouri. it was entitled to be spread upon the record in the recorder's office of the territory, and that the deed, not having been recorded within one year from its date, was not admissible in evidence without proof of the execution of the original instrument. The plaintiff, on the other hand, contends that the certified copy was and is admissible in evidence by virtue of sections 4858, 4864, and 4865, Rev. St. Mo. 1889.

Section 4858 reads as follows:

"Every instrument of writing, conveying or affecting real estate, and the certificate of the acknowledgment or proof thereof, made in pursuance of any law in force at the time of such acknowledgment or proof, but afterwards repealed, shall be evidence to the same extent, and with like effect, as if such law remained in full force."

### Section 4864 is as follows:

"All records made by the recorder of the proper county one year before this law takes effect, by copying from any deed of conveyance, deed of trust, mortgage, will or copy of a will, or other instrument of writing, whereby any real estate may be affected in law or in equity, that has neither been proved nor acknowledged, or which has been proved or acknowledged, but not according to the law in force at the time the same was recorded shall hereafter impart notice to all persons of the contents of such instruments; and hereafter when any such instrument shall have been so recorded for the period of one year, the same shall thereafter impart notice to all persons of the contents of such instruments, and all subsequent purchasers and mortgagees shall be deemed to purchase with notice thereof."

This is followed by section 4865, which declares that:

"Certified copies of such records as are contemplated in the next preceding section shall not be received in evidence until the execution of the original instrument or instruments from which such records were made shall have been duly proved according to law, except where such record shall have been made thirty years or more prior to the time of offering the same in evidence."

Section 4858 covers the deed in question, as the certificate of acknowledgment was made in pursuance of the law of the territory in force at the time of such acknowledgment, and which law was afterwards repealed. This being so, why does not a certified copy of the deed come clearly within the enabling provisions of sections 4864 and 4865? Attention to the language of section 4864 makes this clear. In the first place, it covers "all records made by the recorder of the proper county one year before this law takes effect." This was the enactment of 1887 (Laws Mo. 1887, p. 183). This record was made by the recorder of the proper county more than one year prior to 1887. This is followed with two specified instances in which copies of such records may give notice to all subsequent purchasers and incumbrancers: First, where the recorded instrument has not been proved or acknowledged; and, second, where it has been proved or acknowledged, but not according to the law in force at the time the same was recorded. At the time this deed was admitted to record, in 1866, it had not been acknowledged according to the law then in force in the state of Missouri (Gen. St. Mo. 1865, c. 109, § 9). It is expressly provided by said section 4865 that certified copies of such records as are contemplated by said section 4864 shall be received in evidence "where such records shall have been made thirty years or more prior to the time of offering the same in evidence." This record was made in 1866, and was offered in evidence in 1898, more than 30 years after it was made.

The court might be content to rest this question on the suggestion made by defendant's counsel in support of his extraordinary position,— that it is unnecessary to inquire into the reason the legislature had in the particular phraseology referred to in section 4864, as the statute itself stands for a reason; but the court is unwilling to admit by its silence the contention of counsel that sections 4864 and 4865 admit of the construction placed on them, to wit, that if the deed in question had not been acknowledged at all, or if it had been acknowledged by some officer not authorized by the statute then in force to take acknowledgments of deeds to lands in Missouri, yet if such deed had been recorded in the recorder's office of the proper county one year prior to 1887, and for thirty years prior to the time it was offered in evidence, a certified copy of such deed would be admissible in evidence without proof of its execution, while a deed properly acknowledged, and recorded one year prior to 1887, and more than thirty years prior to the time it is offered in evidence, would not be admissible without further proof of its execution. It is inconceivable that the legislature intended any such distinction in its remedial legislation. No sufficient reason can be assigned for such absurdity in legislation as that an unacknowledged deed, or one improperly acknowledged, if

recorded the required length of time, is admissible in evidence by a certified copy of the record, without proof of the execution of the original instrument, while requiring proof of the execution of the original deed which had been properly acknowledged. The certificate of acknowledgment certainly entitled it to a greater credence as to authenticity than the absence of such certificate. The supreme court of this state has never since 1887 given such construction to this statute. On the contrary, in Crispen v. Hannavan, 72 Mo. 548–555, Judge Hough clearly expressed his disapproval of imputing to the legislature any such intent or purpose. He refuted the idea that copies of conveyances regularly acknowledged according to the laws of the state in force at the time of acknowledgment and recorded, etc., cannot be offered in evidence without accounting for the absence of the original, while copies of the record of conveyances which have not been acknowledged according to the law of this or any other state, or which have not been acknowledged at all, may be read as original evidence, and without in any way accounting for the original. "We cannot believe that such was the intention of the legislature. The statute dispenses with proof of the execution of the original after the record has attained a certain age; but it does not dispense with proof of its loss or destruction, so as to make the copy evidence." It is among the recognized canons of interpretation of statutes that the intention of a legislative act is often to be gathered from a view of every part of the statute, and the true intention should always prevail over the literal sense of the terms employed. "When the expression of a statute is special or particular, but the reason is general, the expression should be deemed general; and the reason and intention of the lawgiver will control the strict letter of the law, when the latter would lead to palpable injustice, contradiction, and absurdity." 1 Kent, Comm. p. 462. Again, a thing within the intention of the legislature in framing a statute is often as much within the statute as if it were within the letter. Riddick v. Walsh, 15 Mo. 519; Schultz v. Railroad Co., 36 Mo. 13; State v. King, 44 Mo. 283; In re Bomino's Estate, 83 Mo. 441.

What the legislature of Missouri was aiming to accomplish was to make these ancient records admissible in evidence without proof of the identity of the party executing them, because not only of the great inconvenience, but practical impossibility, in many instances, after the lapse of so many years, of making proof of the execution. In the instance under review, the deed was made 79 years ago, rendering proof of the identity of the party executing it out of the question. The legislature undoubtedly supposed that it was providing for every conceivable case, in pari materia, by the provisions of sections 4864 and 4865. But, as already stated, it is sufficient to say that the copy of the deed in question comes expressly within the letter of the statute.

The defendant complains of the action of the court on the trial in excluding from evidence a certified copy of deed purporting to have been made by said Richmond to one John H. Martin, bearing date July 20, 1819, and acknowledged on the same day before one S. J. Prescott, at the city of Boston, state of Massachusetts, who signed

himself as "Notary Public and Jus. Peac. & of the Quorum," and filed for record in the recorder's office of Carroll county, February 16, 1865. It will be perceived that this deed is subsequent to the one under which the plaintiff claims, but was recorded one year anterior to the deed by Richmond to Thompson. It is conceded that, under the law in force in the territory of Missouri at the time of the acknowledgment, such an officer as the one described by the taker of the acknowledgment was not authorized to take acknowledgments to deeds outside of the territory to lands situate within the territory. The defendant does not claim title under this deed, but offered it in evidence for the purpose of showing an outstanding title in the grantee, Martin, to defeat the record title of plaintiff. It is insisted by defendant's counsel that, inasmuch as this deed was recorded prior to the one under which plaintiff claims, it gave priority of title to the grantee, Martin. No evidence was offered by defendant to show either that such a man as John H. Martin ever lived, or that he had ever asserted any right or claim to, or that he had ever seen or been in possession of, the land in question. It is the well-settled law respecting an outstanding title to defeat an action of ejectment that it must be made to appear by the party offering it that it is a present, subsisting title, living and operative, and such a one as the stranger in whom it is vested could assert and maintain, prima facie, against the plaintiff. Jackson v. Hudson, 3 Johns. 386; Peck v. Carmichael, 9 Yerg. 325.

The supreme court of this state, in McDonald v. Schneider, 27 Mo. 410, speaking to a parallel question of a deed made by plaintiff's ancestor, through whom plaintiff was claiming title, to one Bradley, said:

"The deed to Bradley was upward of 20 years old. There had been no possession under it for more than 20 years by Bradley or those claiming under him. It is a well-established principle that an outstanding title in a third person, set up as a bar to recover in an action of ejectment. must be such a one as the owner of that title himself could recover on if he were asserting it in an action. It must be a present, subsisting, and operative title. Now, it is obvious that the title of Bradley, set up in this action, was not such a one. Prima facie, he could not have maintained a suit upon it. Why, then, should a stranger be permitted to use it as a defense in an action of ejectment? There were no circumstances in evidence which relieved it from the objections with which it was encountered."

This same principle is reaffirmed in Totten v. James, 55 Mo. 496, in which Napton, J., asserts that such a deed was properly excluded as an outstanding title, because it was barred as to the plaintiff by the statute of limitations. This doctrine is maintained by the supreme court of the United States in Greenleaf v. Birth, 6 Pet. 312. The presumption arises in respect of such claimed title, which has not been asserted in any form for so long a period that it has been extinguished. Counsel in argument seem to lose sight of the fact that it is an outstanding title that defeats the action, and not the mere fact that there is an outstanding deed. It is a title outstanding in a third party, which, prima facie, can be asserted in favor of the party holding it, and not one that is dead under the statute of limitations, or presumptively has been abandoned or extinguished.

It is next assigned for error that the court erred in excluding from evidence two papers offered by the defendant for the same purpose,—

of showing an outstanding title. One of these is a certified copy of what purports to be a power of attorney, executed by plaintiff on the 13th day of December, 1875, to one William Morgan, empowering him to sell this land. The power of attorney was duly acknowledged and recorded January 24, 1876. The other was a deed made by said Morgan to said land on the 1st day of November, 1876, to one James S. Bently, purporting on its face to have been executed in pursuance of said power of attorney. This deed was filed for record November 15, 1876. These instruments were executed about 22 years before they were offered in evidence, without any pretense that the defendant claims title under the grantee, Bently, or that said Bently ever asserted any claim or title to the property by virtue of his deed, or that he had ever been in possession of said land; and therefore it was bad as an outstanding title, even had plaintiff been compos mentis. It is held by the supreme court of the United States in Dexter v. Hall, 15 Wall. 9, that the power of attorney of a lunatic, or of one non compos mentis, is void, and, of consequence, there being no power in contemplation of law vested in the attorney to execute, his deed would be void. As the jury necessarily, under the issues in this case, and under the charge of the court, found that prior to 1875, and continuously thereafter, to the bringing of this action, January, 1896, the plaintiff was insane, the effect was to render this power of attorney and deed unavailing even had they been submitted to the jury. But, aside from this, it was bad as an outstanding title after the lapse of 20 years from its execution without further evidence. The presumption could reasonably be indulged that the grantee, Bently, became aware of the insanity of Mrs. Rigney, and abandoned the whole matter.

It is also complained that the court erred in excluding from the jury a paper purporting to have been a lease covering this land, made by one Hayden, in 1868, to William F. Plaster, the ancestor of the defendant, Plaster. No reason was assigned to the court at the time of this offer which, under any conceivable aspect of the case, would have warranted the court in permitting it to go to the jury. It certainly was not offered as an outstanding title; nor was there any offer to show that William F. Plaster entered into possession of the land under said lease as color of title, for said lease was so short lived by its terms as to create no color of title; and there is no pretense that said Hayden had any color of title to said land at the time of the execution of the lease. Afterwards, in August, 1868, said Hayden obtained a tax deed to said land, which was admitted in evidence, on the defendant's insistence, as color of title. No possible injury could have been done to the defendant by the exclusion of said contract or lease, for the reason that under the charge of the court to the jury, and by their verdict, they necessarily found as a matter of fact that in October, 1872, when the plaintiff obtained her deed to the property in question, neither the defendant nor William F. Plaster, under whom he claims, was in adverse possession of the property, and that the statute of limitations, by reason of such adverse occupancy, had not begun to run prior to October, 1872; and therefore the alleged lease, even had it been admitted in evidence, could have cut no possible figure in the case.

Other questions of law and fact raised by this motion for new trial and on argument were fully and properly submitted to the jury, without any exception thereto on the part of either plaintiff or defendant. The motion for new trial is denied.